# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE



**FILED**

**February 5, 1999**

**Cecil W. Crowson**
**Appellate Court Clerk**

STATE OF TENNESSEE, ex rel.        )
DOUG SIZEMORE, Commissioner        )
of Commerce and Insurance for the  )
State of Tennessee,                )
                                   )
    Petitioner,                    )        Davidson Chancery
                                   )        No. 92-1120-I(II)
VS.                                )
                                   )
UNITED PHYSICIANS INSURANCE        )        Appeal No.
RISK RETENTION GROUP,              )        01A01-9706-CH-00253
                                   )
    Respondent.                    )
                                   )
Insured:  Billy C. Johnson, M.D.   )
Claimant:  Estate of Blendora Ann Echols   )

## CONCURRING OPINION

I concur with the court's opinion. Insurance companies have the right to assume that the risk they undertake will not later be enlarged by the courts. *See Schultz v. Tennessee Farmers Mut. Ins. Co.*, 218 Tenn. 465, 474, 404 S.W.2d 480, 484 (1966). Accordingly, the courts are not at liberty to rewrite policies of insurance to provide coverage where no coverage was intended. *See Spears v. Commercial Ins. Co.*, 866 S.W.2d 544, 548(Tenn. Ct. App. 1993). Dr. Johnson did not contract for prior acts coverage when he purchased his UPI insurance policy. Accordingly, UPI never provided coverage for claims such as Blendora Ann Echols.

_____
WILLIAM C. KOCH, JR., JUDGE